**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2667
_____

GUNVANT KUMAR BECHARBHA PATEL,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-078-121)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2013

Before: SLOVITER, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: March 25, 2013 )
_____

OPINION
_____

PER CURIAM

1

Petitioner, Gunvant Kumar Becharbha Patel, seeks review of the Board of Immigration Appeals' (BIA or Board) order denying his second motion to reopen his removal proceedings. For the reasons that follow, we will deny the petition for review.

I.

Patel is a native and citizen of India who entered the United States unlawfully in 1998. In 2009, the Department of Homeland Security (DHS) charged him with removal under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present without being admitted or paroled. Patel, represented by counsel, conceded removability as charged, and sought voluntary departure in lieu of removal under 8 U.S.C. § 1229c(a). Following a hearing in October 2010, the Immigration Judge (IJ) granted Patel's request for voluntary departure.

The following month, Patel obtained new counsel and moved the IJ to reopen his removal proceedings. Patel claimed that his former counsel had rendered ineffective assistance by failing to advise him that he could seek asylum and related relief based on the religious persecution he had allegedly experienced in India. The IJ denied the motion to reopen on the grounds that Patel had failed to: (1) establish an ineffective-assistance-of-counsel claim insofar as he failed to comply with the requirements set forth in In re Lozada, 19 I. & N. Dec. 637 (BIA 1988); and (2) demonstrate prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture (CAT). Upon review, the BIA affirmed the IJ's decision and dismissed Patel's appeal.

2

Patel then filed a motion to reopen with the BIA, claiming that he had obtained

additional documentation concerning his ineffectiveness claim in compliance with the

requirements of Lozada.  The BIA denied the motion on the ground that it was

numerically barred under 8 C.F.R. § 1003.2(c).[1]  This petition for review followed.

II.

We have jurisdiction to review the BIA's denial of Patel's motion to reopen

pursuant to 8 U.S.C. § 1252(a).  We review the BIA's decision denying a motion to

reopen for an abuse of discretion, and will not disturb the decision unless it is "arbitrary,

irrational, or contrary to law."  Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)

(quotation marks and citation omitted).

An alien has the right to file a motion to reopen removal proceedings and must do

so within 90 days after the date on which the final administrative decision was rendered

in the proceeding sought to be reopened.  8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R.

§ 1003.2(c)(2).  An alien in removal proceedings is limited to only one motion to reopen,

whether before the Board or the IJ.  8 C.F.R. § 1003.2(c)(2).  Although we have held that

the deadline for filing a motion to reopen may be equitably tolled by a showing of

ineffective assistance of counsel, see Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir.

---

[1] The BIA also declined to exercise its authority to reopen the proceedings sua sponte. Patel does not challenge this ruling in his petition for review.  Therefore, it has been waived.  See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).  In any event, we lack jurisdiction to review it.  See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

3

2005), we have not decided that the numerical limit on motions to reopen may be similarly "tolled," see Luntungan v. Att'y Gen., 449 F.3d 551, 557 (3d Cir. 2006). We conclude, however, that even assuming that some equitable principle would, in the proper circumstances, permit an alien to file more than one motion to reopen, Patel did not demonstrate that he was entitled to any equitable relief here.

In his second motion to reopen, Patel again claimed that the attorney who represented him at his initial removal hearing rendered ineffective assistance, and provided new documentation demonstrating that he had complied with the Lozada requirements in relation to that ineffective-assistance-of-counsel claim. He did not recognize that his motion was number-barred, or even attempt to demonstrate that the motion should be accepted as a matter of equity. Indeed, such showing would have to be based on unfairness surrounding the first motion to reopen—not the underlying proceedings—and Patel certainly did not allege that the attorney who filed his first motion to reopen provided ineffective assistance or otherwise defrauded him. Under these circumstances, the BIA properly denied the motion. See Luntungan, 449 F.3d at 557-58.

Because Patel has failed to show that the BIA abused its discretion in determining that his second motion was number-barred, we need not reach his other arguments on appeal.

III.

4

For these reasons, we will deny the petition for review.